UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JENARO D. HERNANDEZ, | CASE NO. C25-0026 BHS |
| Petitioner, | ORDER |
| v. | |
| SCOTT SPEER, | |
| Respondent. | |

THIS MATTER is before the Court on Magistrate Judge Michelle Peterson's Report and Recommendation (R&R), Dkt. 6, recommending the Court deny pro se petitioner Jenaro Hernandez's application to proceed *in forma pauperis*, Dkt. 1, and direct him to pay the $5.00 filing fee within 30 days, because he appears to have the financial ability to do so.

A district court "shall make a de novo determination of those portions of the report or specified proposed finding or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3). It must modify or set aside any portion of the order that is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). The district judge may accept, reject, or modify the recommended disposition; receive further

ORDER - 1

evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

A proper objection requires "specific written objections to the proposed findings and recommendations" in the R&R. Fed. R. Civ. P. 72(b)(2). In providing for a de novo determination, Congress "intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." *United States v. Raddatz*, 447 U.S. 667, 676 (1980) (internal quotation marks omitted). Thus, the district court is required only to indicate that it reviewed the record de novo and found no merit to the objections in order to summarily adopt the R&R's analysis. *United States v. Ramos*, 65 F.4th 427, 433 (9th Cir. 2023). The district court is not obligated to "expressly address" every objection. *Id.* at 437.

Hernandez has objected to the R&R, but his arguments are conclusory and do not contain any law-fact analysis. Dkt 7. His objections appear to be a "fill in the blank" form, which the Court has seen (and rejected) in other cases. Hernandez does not address his financial ability to pay the $5.00 filing fee. Because he can pay the fee, the R&R is **ADOPTED** and Hernandez's application to proceed *in forma pauperis* is **DENIED**.

Hernandez shall pay the filing fee by **March 28, 2025**, or this matter will be dismissed. **IT IS SO ORDERED**.

Dated this 26th day of February, 2025.

BENJAMIN H. SETTLE
United States District Judge